January 23, 2009

Leonard Green, Clerk
United States Court Of Appeals For The Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, OH   45202

                        Re:    In re Johnson
                                    Case No. 08-5088

Dear Clerk:

      This letter is in response to the issue raised at the oral argument on January 15, 2009 by Justices Suhrheinrich, Butchelder and Sutton.  Please provide a copy to each.

      Justice Sutton noted the sale of the vehicle at issue to Michael Johnson took place on February 8, 2005 and that Johnson filed his bankruptcy on May 11, 2005.  The time between these two dates is 92 days.  Justice Sutton questioned whether there is a preference issue under **11 U.S.C. §547(b)** since this section specifically allows a Trustee to avoid a transfer by a debtor of an interest in property if done on or within 90 days before the date of the bankruptcy filing.

      **11 U.S.C. §547(e)(2)(A)** defined "transfer" in 2005 as follows:

(2)    For purposes of this section, except as provided in paragraph (3) of this section, a transfer is made -

    (A)    at the time the transfer takes effect between the transferor, if such transfer is perfected at or within 10 days after such time, except as provided in subsection (c)(3)(B);

    (B)    at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

    (C)    immediately before the date of the filing of the petition, if such transfer is not perfected at the later of -

Leonard Green, Clerk
Page -2-
January 23, 2009

    (i)    the commencement of the case; or

    (ii)    10 days after such transfer takes effect between the transferor and the transferee.

       BB&T filed its lien documents with the Letcher County Clerk on February 22, 2005, which was within ninety (90) days before the bankruptcy case was filed and within twenty (20) days of the transfer between the transferor (debtor) and transferee (BB&T).  BB&T's filing with the Letcher County Clerk was not within ten (10) days of the time the transfer between the transferor (debtor) and transferee (BB&T) so BB&T cannot claim the transfer took effect on February 8, 2005 or that the transfer was outside the 90 day preference period.  The issue remains whether BB&T perfected its lien within the 20 days of the transfer between the transferor and transferee as allowed by 11 U.S.C. §547(c)(3)(B) in order to meet the enabling exception to a preferential transfer.

       Very truly yours,

       /s/ Christopher A. Conley
       Christopher A. Conley
       Counsel for Branch Banking & Trust Company

       /s/ Carole Friend
       Carole Friend
       Counsel for Trustee Robin Brock

dh